UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
JUL 2 8 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-417-GWU

JEFFREY D. SHEPHERD,                                PLAINTIFF,

VS.                      **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                DEFENDANT.

## INTRODUCTION

The plaintiff originally brought Shepherd v. Barnhart, London Civil Action No. 02-332 (E.D. Ky.) to obtain judicial review of an administrative denial of his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). After administrative reconsideration prompted by the undersigned's Memorandum Opinion, Order and Judgment of June 30, 2003, the appeal had been redocketed under the present civil action number and is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as

Shepherd

adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Crouch, 909 F.2d at 855.

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. Section 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and

Shepherd

analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a

Shepherd

vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

As was previously mentioned, the appeal had at first been remanded by the undersigned in June, 2003. The Court indicated that the administrative law judge (ALJ) in the first administrative decision had found no "severe" mental restriction to exist and had cited no mental limitations in the interrogatories for which the vocational expert had cited jobs ultimately relied upon by the ALJ to establish the ability to perform significant numbers of jobs. (Tr. 316). The consultative mental health examiner's reference to "fair" abilities to relate to others and tolerate stress as well as Neurologist Michael Balm's reference to "disabling depression" and panic attacks (Tr. 256-257) had been sufficient to meet the de minimis standard for establishing a "severe" impairment. Accordingly, the case was remanded for further consideration of the plaintiff's mental condition and the vocational implications of the same. (Tr. 317). In a footnote, the Court indicated that the use of Balm's May, 1999 physical restrictions appeared adequate for assessment of Shepherd's physical condition as the record existed at that time. (Id., n. 2).

The most recent ALJ opinion was issued in May, 2003. (Tr. 299). Therein, the

ALJ found that Shepherd had a herniated disc at C5-6 on the left, a dysthymic disorder, and borderline intellectual functioning. (Tr. 295). He found that the plaintiff's restrictions included the need for (1) no more than occasional handling or pushing/pulling of no more than five pounds with the left upper extremity, (2) no overhead reaching with the left upper extremity, (3) no climbing, balancing, bending or crawling, (4) no more than occasional crouching and kneeling, (5) no greater than a "seriously limited but not precluded" ability to deal with the public and complex instructions, (6) no greater than a "limited but satisfactory" ability to follow work rules, relate to coworkers, use judgment, interact with supervisors, deal with work stresses, to maintain attention/concentration, handle detailed instructions, behave in an emotionally stable manner, relate predictably in social situations, and to demonstrate reliability. (Tr. 295). Compatible jobs had been identified by the most recent vocational expert (VE), at the light and sedentary levels. (Tr. 296-299). Thus, benefits were denied. (Tr. 299).

The physical factors cited above were, indeed, referenced to the VE at the administrative hearing (Tr. 391-392) and the VE himself identified only examples at the lower exertional levels.  This set of factors was more restrictive than that assessed by non-examining Medical Reviewers David Swan (Tr. 214-222) and Gary Higgason (Tr. 245-252). As these physicians were not privy to or did not comment on much of the information from treating sources, as was noted in regard to other non-examiners in the undersigned's prior opinion (Tr. 316-317), other information in the record is decidedly more critical to buttress the ALJ's decision. More important is the newly-submitted

Shepherd

assessment from Phillip LeFever which, with the exception of an unquantified limitation on vibration (Tr. 340-343),[1] was compatible with the hypothetical restrictions.[2] As LeFever was a treating physician of a number of months standing (Tr. 348) and had had access to an MRI (Tr. 345) and correspondence from a neurosurgeon (Tr. 354-355), his opinion was worthy of equal or greater weight than Dr. Michael Balm, who had felt that the plaintiff was disabled. For these reasons and other reasons more fully explained in footnote 2, supra, the Court finds that while LeFever's information could be relied upon, the second opinion offered by the physician represents the plaintiff's more current state and was based on further information. Thus, the sedentary jobs identified were adequate to take into account the physical restrictions and pain suffered by the patient.

The mental factors were compatible with the statements of Dr. Chintamani Vora referencing undefined "fair" limitations in the ability to relate to others and deal with

---

[1] The plaintiff has not specifically raised an issue about the vibration restriction.

[2] Actually, LeFever issued two assessments near the end of 2003. (Tr. 364). Unlike the situation with Dr. Michael Balm described in the undersigned's previous Memorandum Opinion, where there appeared to be no rationale for a more pessimistic later opinion (Tr. 317, n 2), LeFever's second, more pessimistic opinion could be seen as the result of the doctor's having received further information, at the very least, in the form of a neurosurgeon's report stating that surgery was indicated and that the plaintiff was suffering from chronic pain. In his second form, completed in December, 2003, LeFever did not quantify the amount which the plaintiff could lift, specifying only "very little" (Tr. 340); this was in contrast to a specific reference to a 20 lifting pound capacity on the earlier form (Tr. 360). Based on common sense inference of a lifting capacity reduced from the 20 pound point, the Court is prepared to find that, based on LeFever's more current December, 2003 assessment, the plaintiff was capable of engaging in the sedentary jobs identified by the vocational expert.

Shepherd

stress (Tr. 213), the non-severe opinions of Jay Athy and Edward Stodola (Tr. 224, 234), and Dr. Maryman's form assessment (Tr. 334-335).

The decision will be affirmed.

This the 28 day of July, 2004.

G. WIX UNTHANK
SENIOR JUDGE